## EDWARDS *v.* TANNERET.

A dismissal of a case for want of jurisdiction *held* to have been rightly made from the Circuit Court for Louisiana, as being a proceeding, which, under the act of Congress of July 28th, 1866, was to remain in the District Court of the United States for that District; the case being one that had been begun in the "Provisional Court of Louisiana," on pleadings which showed that both parties were citizens of the State named. The jurisdiction of the Circuit Court was held not to have been helped by a suggestion made there on transferring the case, that the defendant was an alien; the fact being denied in the subsequent pleadings, and no proof of it in any way made.

ERROR to the Circuit Court for the District of Louisiana.

In 1862, during the late rebellion, the courts of the United States were broken up within the limits of Louisiana. New Orleans, however, being retaken by the army of the United States, and the national authority partially re-established in the State, though still liable to be overthrown by successes of the rebels, President Lincoln, in October, 1862, established by proclamation what was known as a "Provisional Court," with authority to hear, try, and determine all causes, civil and criminal, including causes in law, equity, revenue, and admiralty; and particularly all such powers and jurisdiction as belong to the District and Circuit Courts of the United States; conforming proceedings as far as possible to the course of proceedings and practice which has been customary in the courts of the United States and Louisiana.

In this Provisional Court, one Daniel Edwards sued Emile Tanneret. The plaintiff's petition began thus:

"The petition of Daniel Edwards, *a loyal citizen, residing in the city of New Orleans*, with respect shows, that Emile Tanneret, *residing on False River, in the parish of Pointe Coupee*, is justly and truly indebted unto your petitioner for balance of account in the sum of $4995."

The writ or citation was thus:

'THE PRESIDENT OF THE UNITED STATES OF AMERICA TO THE UNITED STATES PROVISIONAL MARSHAL FOR THE STATE OF LOUISIANA, GREETING:

"You are hereby commanded to summon Emile Tanneret, *a*

*citizen of the State of Louisiana,* to comply with the demand of Daniel Edwards, *citizen of the State of Louisiana.*"

Judgment was given for the plaintiff. However, in July, 1865, Tanneret, describing himself as "a resident of Pointe Coupee, Louisiana," and Edwards as "a resident of New Orleans," filed a petition, and got an injunction from the same court against the issue of any execution; the order being simply, "Let the injunction issue as prayed for."

On the 20th of July, 1866, the authority of the United States being now completely re-established in Louisiana, Congress passed an act,* by the first section of which all "suits, causes, prosecutions, or proceedings," then in the Provisional Court, with the records thereof, were transferred to the United States District Court for the Eastern District of Louisiana, and authority was given to the *Circuit Court* to hear and determine *such* of the suits or proceedings thus transferred "*as the Circuit Court could take jurisdiction of under the laws of the United States.*"

The second section enacted, that in case suits or proceedings were then pending in the Provisional Court *which could not have been instituted in the Circuit Court,* or the District Court for that district, the records, when removed into the District Court, should "*remain in said District Court without further action.*"

The third section enacted that all judgments, orders, decrees, and decisions of the Provisional Court, relating to the causes transferred by the act to the District Court or to the Circuit Court held in the Eastern District of Louisiana, should at once become the judgments, orders, decrees, and decisions of the District Court or the Circuit Court, unless the same were inconsistent with the rules and proceedings thereof; and that they might be enforced as the judgments, orders, and decrees of the District Court or the Circuit Court.

In this condition of things, Edwards appeared in the Circuit Court for the District of Louisiana, and suggesting the recovery of his judgment, and that the defendant was "an

---

* 14 Stat. at Large, 344.

alien, and a citizen of the French Empire," and himself "a citizen of the State of Louisiana," moved a transfer of his case into the Circuit Court. He made no allusion to the injunction, and having got a transfer of the case, issued execution.

The defendant's counsel then filed their own petition, alleging the injunction and denying the alienage of the defendant, asserting contrariwise that he was a citizen of Louisiana.

The court dismissed the case, as being a proceeding which, under the act of Congress, must remain in the archives of the District Court.

From this order of dismissal the present writ of error was taken.

*Messrs. Weed and Clarke, for the plaintiff in error:*

There were no State courts nor any Federal courts in Louisiana when the Provisional Court was established. This court was the creature of a social and civil necessity, temporary only. Any one might sue any one there. No allegation whatever of citizenship was necessary to give the court jurisdiction. Any allegation was therefore improper. The allegation of citizenship then that was made, was thus neither pertinent nor issuable, and was to be regarded as naught. It was only to give the *Circuit Court* jurisdiction and on the transfer that it became necessary that the alienage of one of the parties should appear; and the alienage did then appear in the motion and suggestion to the Circuit Court, on which a transfer of the case into that court was made. It was time enough to make it appear when its appearance was first wanted. It would have been more than senseless to have made it earlier. The unnecessary and unmeaning reference to citizenship in the proceedings in the Provisional Court don't affect the case. All things become new in the Circuit Court; and we have then a case where jurisdiction appears on the face of the pleadings. In such a case, if the alienage and consequent want of jurisdiction be denied, it should be taken advantage of by plea in

abatement.    We have nothing here but a motion.    That is insufficient.

*Mr. Durant, contra:*

The radical defect of the opposite argument is, in supposing that the case when it appeared in the Circuit Court, was a new suit.    It was the old " suit, cause, prosecution, or proceeding," " transferred with the records thereof," and these records showed a case not cognizable in the Circuit Court " under the laws of the United States."    The subsequent averment in the Circuit Court of alienage of one party, was thus as ineffective as if the case had been begun in the Circuit Court on the same pleadings on which it was begun in the Provisional one.

A plea of an abatement is necessary only when the citizenship averred is such as to support the jurisdiction of the court, and defendant desires to controvert it.    That is not this case, and the want of jurisdiction can be taken advantage of on motion.*

Mr. Justice STRONG delivered the opinion of the court.

It is manifest that by the act of Congress of July 28, 1866, no proceeding of any description was intended to be transferred into the Circuit Court, unless it was one of which the Circuit Court could take jurisdiction under the laws of the United States, as they were prior to the passage of the act. All suits and proceedings were transferred into the District Court, but only those could be acted upon by either the District or Circuit Court which might have been instituted in those courts, or one of them.    All others were directed to remain in the District Court without further action.    It was not the design of Congress to enlarge the jurisdiction of the Federal courts in the Louisiana district, but rather to enable them to take up and dispose of cases which were within their jurisdiction, but which had been commenced in the Provisional Court, and, either not carried to judgment when

---

* Coal Company *v.* Blatchford, 11 Wallace, 172.

that court was abolished, or, if carried to judgment, not completed by execution.

Such being the purpose and meaning of the act, it becomes necessary to inquire whether this was a case of which the Circuit Court could entertain jurisdiction under the laws of the United States, for if it was not, it never was legally transferred into that court, but it remained, by force of the statute, in the District Court. The record discloses that the suit was brought in the Provisional Court by the plaintiff, who is described in the petition as a citizen, residing in the city of New Orleans, against the defendant, described as residing on False River, in the parish of Pointe Coupee. There is no other description of the citizenship of the parties contained in the petition. The citation, however, describes both the plaintiff and the defendant as citizens of Louisiana, and these are all the averments of citizenship which can be found in the record. As the suit was brought for a balance of an account, its subject-matter did not bring it within the jurisdiction of the Circuit Court, and hence, if it was a case of which that court could entertain jurisdiction, it must be because of the citizenship of the parties. But when the plaintiff in an action invokes the jurisdiction of the Circuit Court because of the citizenship of the parties, it must appear upon the record that the citizenship is such as to justify the court in taking cognizance of the case. And certainly the pleadings here exhibit nothing from which the court can see that both parties are not citizens of Louisiana. As already noticed, the petition makes no averment respecting the citizenship of the defendant, and simply describes the plaintiff as a citizen, without asserting of what state or kingdom. And the citation describes both parties as citizens of Louisiana.

It is true that after the judgment was obtained in the Provisional Court an injunction was granted against its execution, but neither that injunction nor the bill or petition upon which it was founded can be considered any part of this record; and if they could, they would not aid the plaintiff, for in neither of them is there any averment of the citizen

ship of the parties. Nor does it sufficiently appear in any other way that both parties were not citizens of Louisiana. The plaintiff, indeed, when he moved for the transfer of the case into the Circuit Court, suggested that the defendant was an alien, but the suggestion was not made in the Provisional Court. No proof of it was offered, and the alleged alienage was subsequently denied. It is clear, therefore, that the case was not one of which the Circuit Court could entertain jurisdiction under the laws of the United States, and that it was never legally transferred to that court. It follows that the order dismissing the cause was correct.

We are to be understood as deciding only what is before us. We express no opinion respecting the regularity or effect of the injunction which was obtained in the Provisional Court.

JUDGMENT AFFIRMED.